# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTHONY DAVIS,
　　　　　　Appellant,

　　　v.

DEPARTMENT OF JUSTICE,
　　　　　　Agency.

DOCKET NUMBER
AT-1221-16-0393-W-1

DATE: June 30, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Anthony Davis, Columbia, South Carolina, pro se.

Marie Clarke, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. The appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g). However, we VACATE the initial decision and DISMISS the appeal for lack of jurisdiction for the reasons set forth in this Final Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    At all times relevant to the present appeal, the appellant was a Correctional Officer with the agency's Bureau of Prisons.  Initial Appeal File (IAF), Tab 1 at 1.  The appellant filed an appeal via e-Appeal Online on March 13, 2016, alleging "nepotism" at the Federal correctional facility.  *Id.* at 3, 5.  Specifically, he alleged that the agency named an individual as the Supervisory Correctional Specialist in the same department as his wife and that individual was now his wife's "immediate supervisor."  *Id.* at 5.  The appellant alleged that such nepotism violated unspecified Federal regulations and the terms of the governing master collective bargaining agreement.  *Id.*  He claimed that agency officials were "going to promote" the individual's wife to a vacant Procurement Property Specialist position to "correct their mistake," a position for which the appellant applied.  *Id.*  The appellant stated that he filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC) on September 11, 2015, but that he did not receive written notice that OSC made a decision or terminated its investigation.  *Id.* at 4.

¶3    The appellant filed 45 pages of supporting documentation, including excerpts from a collective bargaining agreement.  IAF, Tab 2.  He also submitted memoranda and intra-agency email correspondence between August 2015 and February 2016, regarding the alleged nepotism concerns of the individual's appointment to the Supervisory Correctional Specialist position in that individual's wife's supervisory chain of command.  *Id.*  The documentation included a February 29, 2016 memorandum regarding the chain of command for the correctional facility referencing an OSC case number.  *Id.* at 1.  However, the appellant provided neither a copy of any complaint he submitted to OSC nor a statement of whether he provided the 45 pages he filed with the Board to OSC with his complaint.

¶4    The administrative judge issued an order explaining the Board's jurisdictional limitations in individual right of action (IRA) appeals and

instructed the appellant to meet his jurisdictional burden. IAF, Tab 4. The appellant did not respond to the order. The administrative judge issued a decision on April 5, 2016, dismissing the appeal for lack of jurisdiction, without holding the requested hearing. IAF, Tab 7, Initial Decision (ID). He explained that the Board generally lacks jurisdiction over a nonselection appeal such as the appellant's apparent claim that his anticipated nonselection for a certain position was "proximately caused by nepotism." ID at 2. To the extent that the appellant's claim constituted an IRA appeal of whistleblower reprisal, the administrative judge found that the appellant failed to establish that he exhausted remedies for corrective action with OSC. ID at 2-3.

¶5    The appellant filed a petition for review on or about June 30, 2017, more than 1 year after the initial decision was issued. Petition for Review (PFR) File, Tab 1. The Office of the Clerk of the Board issued a notice to the appellant informing him that his petition was untimely filed because it was not filed on or before May 10, 2016. PFR File, Tab 2 at 1. The Office of the Clerk of the Board instructed the appellant how to file a motion to accept the petition as timely or to waive the time limit for good cause. *Id.* at 2. The appellant did not file any such motion. The agency filed a response opposing the petition for review as untimely filed. PFR File, Tab 5.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The appellant has not established good cause for his untimely filed petition for review.</u>

¶6    A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.113(d), 1201.114(f). The party who submits an untimely petition for review has the

burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Sanders v. Department of the Treasury*, 88 M.S.P.R. 370, ¶ 5 (2001). To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of the party's excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7    As a preliminary matter, the appellant has not filed a motion regarding the timeliness of his petition for review, despite receiving notice from the Office of the Clerk of the Board regarding the necessary requirements and the opportunity to file such a motion. PFR File, Tab 2; *see* 5 C.F.R. § 1201.114(g). Further, we find that his assertions in his petition for review fail to establish that his petition was timely filed or that good cause exists for the filing delay.

¶8    The appellant argues that he did not receive the April 5, 2016 initial decision until June 8, 2017, and he submits a photocopy of an envelope from the Board's Atlanta Regional Office postmarked June 5, 2017, which purportedly contained a paper copy of the initial decision. PFR File, Tab 1 at 2-3. He asserts that his email address has not changed during the course of his appeal, but he argues that the agency "erased" and "tampered with" his emails. *Id.* at 2. The appellant's registration as an e-filer, IAF, Tab 1 at 2, constituted consent to accept electronic service of pleadings filed by other registered e-filers and documents issued by the Board, *see* 5 C.F.R. § 1201.14(e)(1). The Board's e-Appeal Online logs and the certificate of service accompanying the initial decision indicate that a notification with a link to the e-Appeal Online Repository was sent to the appellant's email address of record on April 5, 2016, and he

received the document electronically on that date. IAF, Tab 8; *see* 5 C.F.R. § 1201.14(j)(1), (m)(2). As an e-filer, the appellant was responsible for ensuring that filters did not block the Board's emails and for monitoring case activity in the Repository to ensure that he had received all case-related documents. 5 C.F.R. § 1201.14(j)(2)-(3). If he was concerned about the security of his Federal email account, he could have changed his method of service to regular mail or changed his email address of record. *See* 5 C.F.R. § 1201.14(e)(4), (6) (permitting withdrawal of registration as an e-filer and outlining the process for changing the email address of record). Thus, we find that the appellant timely received notice of the initial decision on April 5, 2016, and he filed his petition for review more than 1 year late. His petition for review does not articulate or establish good cause for this delay. Accordingly, we dismiss the petition for review as untimely filed with no good cause shown.

Although the administrative judge erroneously found that the appellant had not filed a complaint with OSC, the Board lacks jurisdiction over this matter as an IRA appeal for other reasons.

¶9        Although we have dismissed the appellant's petition for review as untimely, the issue of the Board's jurisdiction is always before the Board and may be raised sua sponte by the Board at any time during a Board proceeding. *E.g.*, *Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 8 (2013). As the administrative judge correctly recognized, a nonselection is not an appealable adverse action pursuant to 5 U.S.C. chapter 75. 5 U.S.C. §§ 7512, 7513(d); *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 886 (Fed. Cir. 1998). However, the Board may address a nonselection in some other contexts. *Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 5 (2007). Most relevant to this appeal, the Board may address a nonselection in an IRA appeal. *Id.* To establish the Board's jurisdiction over an IRA appeal, an appellant must have exhausted his administrative remedies before OSC and made nonfrivolous

allegations[2] of the following: (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). 5 U.S.C. §§ 1214(a)(3), 1221(a), (e)(1); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).[3] An appellant filing an IRA appeal has not exhausted his OSC remedy unless he has filed a whistleblower reprisal complaint with OSC and either OSC has notified him that it was terminating its investigation of his allegations or 120 calendar days have passed since he first sought corrective action. 5 U.S.C. § 1214(a)(3); *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 8 (2010); 5 C.F.R. § 1209.5(a). Moreover, the Board only may consider those disclosures of information and personnel actions that the appellant raised before OSC. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011).

¶10     The appellant's primary assertion in his initial appeal and supporting documentation is that the agency engaged in prohibited nepotism by allowing the individual who became the Supervisory Correctional Specialist to become his wife's supervisor. IAF, Tab 1 at 5, Tab 2. Although nepotism is a prohibited personnel practice (PPP) outlined in 5 U.S.C. § 2302(b)(7), an assertion of such a PPP does not provide an independent basis for finding Board jurisdiction. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982); *see also* 5 U.S.C. § 1221(a) (limiting IRA appeals to

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). The U.S. Court of Appeals for the Federal Circuit has found that, in the context of an IRA appeal, a nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020).

[3] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

allegations of a PPP described in 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D)). Similarly, the appellant's anticipated nonselection for the Procurement Property Specialist position, allegedly proximately caused by nepotism, is not an appealable adverse action pursuant to 5 U.S.C. chapter 75. *See* 5 U.S.C. §§ 7512, 7513(d); *Prewitt*, 133 F.3d at 886. However, the appellant could potentially pursue an IRA appeal based on alleged whistleblower reprisal by first exhausting his remedies with OSC in accordance with 5 U.S.C. § 1214(a)(3) and the Board's regulations at 5 C.F.R. § 1209.5.

¶11     The administrative judge erroneously found that the appellant stated in his initial appeal form that he had not filed a claim with OSC. ID at 3 n.1. In fact, the appellant stated that he had filed a whistleblowing complaint with OSC on September 11, 2015. IAF, Tab 1 at 4. However, although the appellant referenced an OSC case number in the 45 pages of supporting documentation, IAF, Tab 2 at 1, he did not provide a copy of the complaint that he filed with OSC or provide any other supportive evidence. Also, he did not reply to the administrative judge's jurisdictional order, which explained the Board's jurisdictional limitations in IRA appeals and instructed the appellant how to meet his jurisdictional burden. IAF, Tab 4. He has failed to allege any facts that would support a finding that he made a complaint to OSC that he engaged in whistleblowing or other protected activity that was a contributing factor in the agency's decision to take the anticipated action to hire another individual for the Procurement Property Specialist position. Thus, although the appellant went to OSC with some type of complaint, he has failed to allege or show it was the type of whistleblower reprisal complaint that could be the basis for an IRA appeal.[4]

---

[4] Attached to the appellant's untimely petition for review is a March 31, 2016 letter from OSC. PFR, Tab 1 at 4-5. That letter states that OSC concluded that the appellant had not presented evidence of a violation of 5 U.S.C. § 2302(b)(7), and it contains no references to any claim of reprisal for whistleblowing or other protected activity that may be adjudicated in an IRA appeal. *Id.*; *see* 5 U.S.C. §§ 1221, 2302(b)(8)-(9). Thus,

¶12     Accordingly, we dismiss the petition for review as untimely filed. We vacate the initial decision and dismiss the appeal for lack of jurisdiction for the reasons set forth in this Final Order, which is now the Board's final decision in this matter. 5 C.F.R. § 1201.113(c).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

this letter does not support a finding that the appellant exhausted a whistleblower reprisal complaint with OSC.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.